UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATT M. ALTON,

                Plaintiff,

v.

SNOHOMISH COUNTY CORRECTIONS, et al.,

                Defendants.

Case No. C17-674 JCC-BAT

**ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND**

      Matt M. Alton, who is presently confined at the Snohomish County Corrections ("SCC"), filed a civil rights complaint against Snohomish County Corrections and the Snohomish County Public Defenders Association. Dkt. 1-1. Mr. Alton alleges that the Snohomish County Public Defender's office is denying him the right to change his counsel. He claims that he is in need of a mental evaluation because his wife attacked him and he has been charged with her murder. He also claims that the SCC is denying him outside counseling to help with his defense. Dkt. 1-1, p. 3. Mr. Alton acknowledges that there is a grievance process in place at the SCC but he has not filed a grievance for "fear of abuse." *Id.*, p. 3.

      The Court **DECLINES** to serve the complaint because, as discussed in more detail below, the complaint contains numerous deficiencies. However, the Court **GRANTS** Mr. Alton leave to file an amended complaint by **June 9, 2017.**

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 1

**DISCUSSION**

The Court declines to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1). In order to sustain a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**A.     Government Entities and Public Defender as Parties**

Mr. Alton has failed to name a proper defendant. A state public defender performing traditional lawyer functions is not a state actor. *Polk County v. Dodson,* 454 U.S. 312, 324-25, 102 S.Ct. 445, 70 L.Ed. 509 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002). In addition, government entities such as the Snohomish County Public Defender Association, and Snohomish County Corrections are not proper parties to a § 1983 complaint. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). While Snohomish County is a municipality that can be sued under § 1983, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978), Mr. Alton fails to allege how the County's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, his civil rights or that the County ratified the unlawful conduct. *Monell,* 436 U.S. at 690–91.

**B.     Challenge to Ongoing State Criminal Action**

Even if Mr. Alton were granted leave to amend his complaint to name a proper defendant as to his claims regarding his underlying state criminal proceeding, he may not challenge the propriety of those proceedings in a 42 U.S.C. § 1983 lawsuit. Federal courts will not intervene

in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires that a district court dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). All of the *Younger* criteria appear to be satisfied here. The proceedings are ongoing, involve a criminal prosecution that implicates important state interests, and there is nothing to indicate that Mr. Alton cannot raise in his criminal case the same claims he raises here or that there is a danger of great and immediate irreparable harm. Therefore, it appears that this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves.

**C.      Conditions of Confinement at SCC**

With regard to Mr. Alton's remaining claim, that the SCC will not provide him with outside counseling to help in his defense, Mr. Alton has failed to state a claim for relief under § 1983. To the extent Mr. Alton is seeking a mental health evaluation as to his criminal proceedings he must seek relief in those proceedings. To the extent Mr. Alton is claiming that he is being denied mental health care at the SCC, he has failed to allege facts sufficient to allow the Court to determine whether he has stated a claim. Mr. Alton may file an amended complaint to set out these allegations more fully. In the amended complaint, plaintiff must write out short, plain statements telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person or persons who violated the right; (3) exactly what that person(s) did or failed to do; (4) how the action or inaction of that person(s) is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of that

person(s)'s conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

If the person named as a defendant was a supervisory official, plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to plaintiff's constitutional rights, failed to take action to prevent further harm to plaintiff and also state facts to support this claim. *See Monell*, 436 U.S. at 691.

Plaintiff must repeat this process for each person he names as a defendant, including any "John Doe" and "Jane Doe" defendants. If plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

**D. Exhaustion**

Plaintiff indicates in his complaint that there is a grievance process at the Snohomish County Jail but he has not filed a grievance due to "fear of abuse." Dkt. 1-1, p. 2.

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative remedies *before* bringing a § 1983 claim. 42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Id*. Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id.* at 1120.

Plaintiff must provide the Court with information regarding his attempts to complete the grievance process and an explanation of his claim that he fears abuse so that the Court may determine whether his claims in this lawsuit have been brought prematurely.

**CONCLUSION**

The Court **DECLINES** to serve the complaint which as discussed above is deficient. The Court realizes Mr. Alton is proceeding pro se. Thus rather than simply dismissing the action, the Court grants him permission to show cause why his complaint should not be dismissed or to file an amended complaint to cure the above-mentioned deficiencies by **June 9, 2017.** The amended complaint must carry the same case number as this one. **If no amended complaint is timely filed, the Court will recommend that this matter be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.**

DATED this 12th day of May, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge