UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATT M. ALTON,<br><br>                Plaintiff,<br><br>    v.<br><br>SNOHOMISH COUNTY CORRECTIONS, et al.,<br><br>                Defendants. | Case No. C17-674 JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

Matt M. Alton, who is presently confined at the Snohomish County Corrections ("SCC"), filed a civil rights complaint against Snohomish County Corrections and the Snohomish County Public Defenders Association. Dkt. 4. Mr. Alton alleged that the Snohomish County Public Defender's office is denying him the right to change his counsel. He claimed that he is in need of a mental evaluation because his wife attacked him and he has been charged with her murder. He also claimed that SCC is denying him outside counseling to help with his defense. *Id.*, p. 3. Mr. Alton acknowledges that there is a grievance process in place at SCC but he has not filed a grievance for "fear of abuse." *Id*.

The Court declined to serve the complaint because Mr. Alton failed to name a proper defendant, his claims against the state public defender and state governmental entities were subject to dismissal, his challenge to his ongoing state criminal proceedings is barred by the *Younger* abstention doctrine, he failed to allege facts sufficient to state a claim relating to his

REPORT AND RECOMMENDATION - 1

conditions of confinement at the SCC, and it appeared he had not exhausted his administrative remedies. Dkt. 5.

The Court granted Mr. Alton leave to file an amended complaint to cure, if possible, the noted deficiencies. *Id.* Mr. Alton filed an Amended Complaint on May 23, 2017. In his amended complaint, he asserts that he has filed a grievance and the grievance process is completed. Dkt. 6, p. 2. The entirety of his amended claim is as follows:

> Snohomish County Corrections are run by Snohomish County Sheriff Dept., as the public defenders Association. The refusal of outside mental help on why my, refusal of change of counsel saying I have no right to, and grievances on complaint saying they have no power to change counsel, sent many kites (Jail letter system) stating I have no confidence in counsel or trust, I fear of abuse as no way of understanding on what happened that put me into jail as shock. No mental help to help me understand, conterplate [sic], or to describe of whats happening in my mental state. Medical evaluation.

*Id.*, p. 3. In his request for relief, Mr. Alton asks to "make a change, mental help, even counsel and not rigging the system in a manner of no legal justice." *Id.*, at 4.

Because Mr. Alton has failed to state a cognizable § 1983 claim, the undersigned recommends that the Court dismiss the complaint without prejudice.

**DISCUSSION**

To sustain a civil rights action under § 1983, a plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**A.      Government Entities and Public Defender as Parties**

Mr. Alton has failed to name a proper defendant. A state public defender performing traditional lawyer functions is not a state actor. *Polk County v. Dodson,* 454 U.S. 312, 324-25, 102 S.Ct. 445, 70 L.Ed. 509 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002).

REPORT AND RECOMMENDATION - 2

In addition, government entities such as the Snohomish County Public Defender Association, and Snohomish County Corrections are not proper parties to a § 1983 complaint. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). While Snohomish County is a municipality that can be sued under § 1983, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978), Mr. Alton fails to allege how the County's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, his civil rights or that the County ratified the unlawful conduct. *Monell,* 436 U.S. at 690–91.

**B.     Challenge to Ongoing State Criminal Action**

Even if Mr. Alton could name a proper defendant as to his claims regarding his underlying state criminal proceeding, he may not challenge the propriety of those proceedings in a 42 U.S.C. § 1983 lawsuit. Federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971).  The *Younger* abstention doctrine requires that a district court dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). All of the *Younger* criteria appear to be satisfied here. The proceedings are ongoing, involve a criminal prosecution that implicates important state interests, and there is nothing to indicate that Mr. Alton cannot raise in his criminal case the same claims he raises here or that there is a danger of great and immediate irreparable harm. Therefore, it appears that this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves and it should be dismissed.

### C. Conditions of Confinement at SCC

With regard to Mr. Alton's remaining claim, that the SCC will not provide him with outside counseling to help in his defense, Mr. Alton has failed to state a claim for relief under § 1983. To the extent Mr. Alton is seeking a mental health evaluation as to his criminal proceedings he must seek relief in those proceedings. To the extent Mr. Alton is claiming that he is being denied mental health care at the SCC, he has failed to allege facts sufficient to allow the Court to determine whether he has stated a claim. Mr. Alton was given an opportunity to file an amended complaint to set out these allegations more fully, including: (1) the constitutional right he believes was violated; (2) the name of the person or persons who violated the right; (3) exactly what that person(s) did or failed to do; (4) how the action or inaction of that person(s) is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of that person(s)'s conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). Despite being given an opportunity to set out these allegations, Mr. Alton has failed to do so. Accordingly, this claim may be dismissed without further leave to amend.

## CONCLUSION

Mr. Alton was granted leave to file an amended complaint to cure the deficiencies of his original complaint. His amended complaint suffers from similar deficiencies. Accordingly, the Court recommends that this action be **DISMISSED without prejudice for failure to state a claim.** A proposed order accompanies this Report and Recommendation. Any objections to this Recommendation must be filed by **Monday, June 19, 2017.** The Clerk should note the matter for **Tuesday, June 21, 2017** as ready for the District Judge's consideration if no objection is filed.

If plaintiff files an objection, he must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

DATED this  31st  day of May, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5